IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **SHERI JARMAN and JEFFREY JARMAN,**<br><br>　　　　**Plaintiffs,**<br><br>v.<br><br>**HAWKEYE WOODSHAVINGS, INC. and DAVID MILLER,**<br><br>　　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:07-cv-942-PMW**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court are (1) Hawkeye Woodshavings, Inc. ("Hawkeye") and David Miller's ("Miller") (collectively, "Defendants") motion for a protective order with respect to Sheri Jarman and Jeffrey Jarman's (collectively, "Plaintiffs") attempt to depose Hawkeye pursuant to rule 30(b)(6) of the Federal Rules of Civil Procedure;[1] (2) the parties' cross-motions related to two of Plaintiffs' interrogatories seeking information about Hawkeye truck drivers and other claims against Hawkeye ("Discovery Requests");[2] and (3) the parties' cross-motions related to the release of Miller's Veterans Administration drug abuse records ("VA Records").[3] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the

---

[1] *See* docket no. 63.

[2] *See* docket nos. 68, 102.

[3] *See* docket nos. 70, 102.

written memoranda.  *See* DUCivR 7-1(f).  Accordingly, Defendants' request for a hearing[4] is
**DENIED**.  The court will address the above-referenced motions in turn.

### I. Defendants' Motion for Protective Order Concerning Rule 30(b)(6) Deposition

The discovery dispute at the heart of this motion springs from Plaintiffs' attempt to take Hawkeye's deposition pursuant to rule 30(b)(6).  *See* Fed. R. Civ. P. 30(b)(6).  Defendants filed this motion and its supporting memorandum on September 21, 2009.[5]  Plaintiffs filed their opposition memorandum on October 9, 2009,[6] and Defendants filed their reply memorandum on October 19, 2009.[7]  Soon after the motion was fully briefed, counsel for the parties contacted the court and made an informal request for the court to refrain from ruling on the motion pending the parties' attempts to resolve the discovery dispute.

On December 30, 2009, Plaintiffs filed a document entitled "Notice of Cessation of Plaintiffs' Efforts to Take Rule 30(b)(6) Deposition so Denominated and of Plaintiffs' Intent to Rely on the Record and Statements by Defendants' Counsel."[8]  Defendants responded to that document on January 7, 2010,[9] and Plaintiffs filed a reply on January 25, 2010.[10]  On January 7, 2010,

---

[4] *See* docket no. 93.

[5] *See* docket nos. 63, 64.

[6] *See* docket no. 65.

[7] *See* docket no. 66.

[8] Docket no. 91.

[9] *See* docket no. 92.

[10] *See* docket no. 106.

Defendants also filed a document formally designating Ed Skinner as Hawkeye's corporate representative for purposes of any rule 30(b)(6) deposition.[11]  Plaintiffs responded to that filing on January 22, 2010.[12]

After carefully considering all of the arguments set forth in the various documents referenced above, the court issues the following ruling.  The court is not persuaded by Defendants' arguments in support of their request for a protective order.  The court is not convinced that allowing Plaintiffs to conduct a rule 30(b)(6) deposition constitutes discovery that is unreasonably cumulative or duplicative; constitutes annoyance, embarrassment, oppression; or imposes an undue burden or expense.  *see* Fed. R. Civ. P. 26(b)(2)(C)(i), (c).  Accordingly, Defendants' motion for a protective order is **DENIED**.

Notwithstanding the court's ruling on Defendants' motion, Plaintiffs have indicated that they are no longer interested in taking Hawkeye's rule 30(b)(6) deposition.  Instead, Plaintiffs have indicated that they intend to rely on the deposition testimony of certain individuals for purposes of rule 30(b)(6).  Counsel for the parties appear to agree that there was some discussion and agreement during those depositions that certain portions of the testimony could be utilized for purposes of rule 30(b)(6).  At the same time, it appears that counsel for the parties may disagree about the specifics of their agreements and which portions of the deposition testimony may be relied upon by Plaintiffs for purposes of rule 30(b)(6).  However, as Plaintiffs have noted, those issues are not now before the

---

[11] *See* docket no. 94.

[12] *See* docket no. 100.

court. Any arguments related to those issues should be brought before the court by way of an appropriate motion.

At the same time, the court notifies the parties that the only portions of the above-referenced deposition testimony that will be allowed to be used for purposes of rule 30(b)(6) will be those portions that the parties have clearly and unequivocally stipulated to use under rule 30(b)(6). The court views such stipulations with favor, but it is an entirely different matter when there is a dispute about whether regular deposition testimony can be used as rule 30(b)(6) testimony. Absent a clear, unambiguous stipulation about such use, the court is unwilling to end-run the provisions of rule 30(b)(6) by transforming regular deposition testimony into rule 30(b)(6) testimony. This is particularly true under the circumstances of this case where the court has concluded that Plaintiffs should be allowed to conduct a rule 30(b)(6) deposition, and Hawkeye has now made available and designated a rule 30(b)(6) representative. In short, the only portions of deposition testimony this court will be willing to treat as rule 30(b)(6) testimony will be (1) testimony that the parties have clearly and unequivocally stipulated to use under rule 30(b)(6), and (2) testimony taken pursuant to a rule 30(b)(6) deposition.

As a final matter with respect to this motion, the court addresses Defendants' formal designation of Ed Skinner as Hawkeye's rule 30(b)(6) representative and Plaintiffs' response to that designation. It is unclear to the court why either of those documents was filed. Rule 30(b)(6) does not require Defendants to file such a formal designation with the court. Even putting that aside, Defendants filed the designation after Plaintiffs had already indicated that they no longer wished to take Hawkeye's rule 30(b)(6) deposition. Most notably, there is nothing in either document that

requests or requires a court ruling. Any issues relative to the propriety of either the designation of Ed Skinner as a rule 30(b)(6) representative or his potential testimony at trial should be addressed to the court by way of an appropriate motion.

## II. Cross-Motions on Discovery Requests

Plaintiffs filed a motion to compel with respect to the Discovery Requests, and Defendants filed a cross-motion for a protective order. Although Defendants' cross-motion is not yet fully briefed, the court has reviewed the motion and supporting memorandum and determined that they do not set forth any arguments not already made on the parties' briefing on Plaintiffs' motion to compel. Accordingly, the court will rule on both motions.

The court agrees with Plaintiffs' arguments and has determined that Defendants' arguments are without merit. Defendants' attempts to argue the weight of the evidence are unpersuasive and irrelevant at this stage of the case. Arguments about the weight of the evidence are not resolved during discovery. In addition, many of Defendants' arguments take an overly narrow view of relevance for purposes of discovery. Indeed, many of Defendants' arguments concerning the Discovery Requests seem better suited to the more narrow issue of whether certain information will be admissible, rather than the issue before the court, which is the broader question of whether that information is discoverable.

After considering the parties' arguments, the court concludes that the information sought by the Discovery Requests is relevant for purposes of rule 26(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). Accordingly, Plaintiffs' motion to compel responses to the Discovery Requests is **GRANTED**, and Defendants' cross-motion for a protective order is **DENIED**, as follows.

With respect to Interrogatory No. 1 referenced in Plaintiffs' motion to compel, the court has determined that Defendants' objections are without merit. Accordingly, Defendants shall provide a full response to that interrogatory within thirty (30) days of the date of this order.

As to Interrogatory No. 2 referenced in Plaintiffs' motion to compel, the court again has determined that Defendants' objections are without merit. In particular, the court views with some skepticism Defendants' assertion that they have maintained no records that address the interrogatory. At the same time, however, the court concludes that Plaintiffs have failed to put a reasonable time limitation on Interrogatory No. 2. Accordingly, within thirty (30) days of the date of this order, Defendants shall provide a full response to Interrogatory No. 2, but only for the time period referenced in Interrogatory No. 1. If no such records exist to respond to Interrogatory No. 2, Defendants or their counsel shall provide Plaintiffs and the court with a sworn affidavit to that effect.

### III. Cross-Motions on Release of VA Records

Similar to the previous motion, Plaintiffs filed a motion to compel the release of the VA Records, and Defendants filed a cross-motion for a protective order. Again, even though Defendants' cross-motion is not yet fully briefed, the court has reviewed the motion and supporting memorandum and determined that they do not set forth any arguments not already made on the parties' briefing on Plaintiffs' motion to compel. Accordingly, the court will rule on both motions.

Plaintiffs argue that the VA Records are relevant for purposes of rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1). The court agrees. Defendants again attempt to argue the weight of the evidence and assert arguments that are better suited to the more narrow issue of whether certain information will be admissible, rather whether the information is discoverable. The court rejected those arguments with respect to the Discovery Requests and rejects them again here.

In addition to arguing their relevance, Plaintiffs acknowledge the need to comply with 38 U.S.C. § 7332(b)(2)(D), which provides that the VA Records may disclosed

> [i]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient or subject, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure.

38 U.S.C. § 7332(b)(2)(D).

Plaintiffs argue that the public interest and the need for disclosure outweigh the potential injury to Miller, the physician-patient relationship, and any treatment services. Defendants disagree,

relying on both Miller's right to privacy with respect to the VA Records and their arguments with respect to relevance set forth above. Neither party addresses the issue of appropriate safeguards against unauthorized disclosure of the VA records in the event the court orders them to be released.

The court agrees with Plaintiffs and has determined that Defendants' arguments are without merit. The court has already rejected Defendants' arguments with respect to the relevance of the VA Records. In addition, the court believes that any potential injury to Miller will be mitigated by the imposition of appropriate safeguards against unauthorized disclosure of the VA Records.

For these reasons, Plaintiffs' motion to compel release of the VA Records is **GRANTED**, and Defendants' cross-motion for a protective order is **DENIED**. Before the VA Records may be released, however, the court must impose appropriate safeguards to protect against unauthorized disclosure those records. *See id*. Because neither party addressed that issue, the court directs the parties to attempt to stipulate to a suitable protective order of confidentiality to govern the use of the VA Records in this case. If attempts to reach agreement on such an order are successful, the parties should file a stipulated motion for entry of the order, which the court will readily grant. If, however, attempts to stipulate are unsuccessful, the parties shall bring the issue to the court by way of an appropriate motion, which will include submission of each party's proposed protective order. Upon receipt of the motion and the parties' respective proposed orders, the court will resolve the issue.

Upon the court's entry of a protective order to govern the confidentiality of the use of the VA Records in this case, the Veterans Administration shall release the VA Records for use in this litigation. *See id*.

In summary, **IT IS HEREBY ORDERED:**

1. Defendants' motion for a protective order with respect to Plaintiffs' attempt to depose Hawkeye pursuant to rule 30(b)(6)[13] is **DENIED**.

2. Plaintiffs' motion to compel answers to the Discovery Requests[14] is **GRANTED**, as detailed above. Defendants' cross-motion for a protective order with respect to the Discovery Requests[15] is **DENIED**.

3. Plaintiffs' motion for the release of the VA Records[16] is **GRANTED**, as detailed above. Defendants' cross-motion for a protective order with respect to the release of the VA Records[17] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 28th day of January, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[13] *See* docket no. 63.

[14] *See* docket no. 68.

[15] *See* docket no. 102.

[16] *See* docket no. 70.

[17] *See* docket no. 102.